# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SCOTT M. CARRIERE,** <br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2781** |
| **SOCIAL SECURITY ADMINISTRATION,** <br>     **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a report and recommendation[1] issued by the Magistrate Judge recommending that the Commissioner of Social Security's final decision denying Scott Carriere's ("Carriere") claim for Disability Benefits and Supplemental Social Security Income Benefits under Title XVI of the Social Security Act be affirmed. Carriere timely filed objections to the Magistrate Judge's report and recommendation.[2]

The Court, after reviewing Carriere's objections, finds no error in the Magistrate Judge's report and recommendation. The Magistrate Judge correctly found that the ALJ applied the appropriate legal standard and the ALJ's decision to deny Carriere's claim was based on substantial evidence. The ALJ's decision to give no weight to Carriere's treating physician was proper because the ALJ found the treating physician's opinion was merely conclusory and unsupported by the evidence. *See Brown v. Apfel*, 192 F.3d 492 (5th Cir. 1999). In declining to give the treating physician's opinion any weight, the ALJ applied the correct legal standard and considered all of the factors in 20 C.F.R. § 1527(d)(2).[3]

---

[1] R. Doc. 24.

[2] R. Doc. 25.

[3] The Social Security Regulations require the ALJ to consider the following factors in assessing the weight to be given to the opinion of a treating physician: (1) the physician's length of treatment of the claimaint, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence in the record, (5)

1

Carriere argues the ALJ incorrectly substituted the opinion of a non-examining, non-treating physician for that of the treating physician. As Carriere points out, the report of a non-examining physician does not as a matter of law provide substantial evidence when it constitutes the sole medical evidence presented or when the non-examining physician reaches specific medical conclusions that either contradict or are unsupported by findings made by an examining physician. *See Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990)(citing *Johnson v. Harris*, 612 F.2d 993, 996-98 (5th Cir. 1980) and *Strickland v. Harris,* 615 F.2d 1103, 1109-10 (5th Cir. 1980)). But the ALJ in this case did not rely solely on the opinion of the non-examining, non-treating state agency physician in concluding Carriere was not disabled. Instead, the ALJ considered a wide breadth of evidence, including the entirety of Carriere's medical records and Carriere's own testimony. Neither is the non-examining, non-treating state agency physician's opinion contradicted by or unsupported by the medical evidence. As a result, Carriere's argument fails.

Carriere's objections rely on cases in which there was no evidence to support the ALJ's conclusions. *See Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007)(finding the ALJ erred in disregarding the opinion of the claimant's treating physician when "[n]o medical evidence was introduced to contradict [those] findings."); *Williams v. Astrue*, 355 Fed. Appx. 828 (5th Cir. 2009)(concluding that the ALJ erred because there was no evidence supporting the ALJ's conclusions regarding the claimant's functional capacity). These cases are distinguishable from the one now before the Court in which the ALJ's findings were supported by ample record evidence.

Carriere also criticizes the Magistrate Judge for improperly reweighing the evidence

---

the consistency of the opinion as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 1527(d)(2).

presented to the ALJ. The Court finds the Magistrate Judge did not reweigh the evidence in the record, but merely explained the medical records the ALJ examined and highlighted the substantial evidence on which the ALJ's decision was based.

Finally, Carriere argues that the ALJ should have contacted the treating physician to satisfy any perceived inconsistencies in Carriere's medical records. The ALJ is required to recontact the treating physician only when there is no relevant evidence from other treating sources. *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012). The ALJ relied on medical records from Carriere's various hospital visits, the state agency determination, and Carriere's own testimony. The record was sufficient to establish Carriere's disability status and there was no need for the ALJ to recontact Carriere's treating physician.

Carriere has not established error in the ALJ's decision or the Magistrate Judge's report and recommendation. Accordingly, the Court hereby approves the Magistrate Judge's report and recommendation and adopts it as the Court's opinion herein. **IT IS ORDERED** that the Commissioner of Social Security's final decision denying Carriere's claim for Disability Benefits and Supplemental Social Security Income Benefits under Title XVI of the Social Security Act be **AFFIRMED**.

**New Orleans, Louisiana, this 17th day of March, 2013.**

                                                              **SUSIE MORGAN**
                                          **UNITED STATES DISTRICT JUDGE**